UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

THOMAS BARRETT STRINGER
  a/k/a Bart Stringer

Case No. 3:24-cr-238-WWB-SJH
18 U.S.C. § 1343

## INFORMATION

The United States Attorney charges:

### BACKGROUND

1. At all times material to this Information, the defendant, THOMAS BARRETT STRINGER, was a resident in the Middle District of Florida. On May 21, 2019, the defendant established Thomas Stringer LLC. The defendant registered the corporation with the West Virginia Secretary of State and listed its principal place of business as being in West Virginia. The defendant served as the director and agent of Thomas Stringer LLC, and controlled its finances, including a corporate checking account with an account number ending in 6766, which was maintained by a U.S. financial institution.

2. The Paycheck Protection Program ("PPP") was a COVID-19 pandemic relief program administered by the Small Business Administration ("SBA") that provided forgivable loans to small businesses for job retention and certain other expenses. The PPP permitted participating third-party lenders to approve and disburse SBA-backed PPP loans to cover, among other things, payroll and other

expenses incurred by qualifying businesses during, and resulting from, the COVID-19 pandemic. PPP loans were fully guaranteed by the SBA.

3. To obtain a PPP loan, a qualifying business had to submit a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan, including that the business was in operation and had employees for whom it paid salaries. A business applying for a PPP loan was required to provide documentation showing its payroll expenses, such as filed federal income tax documents.

4. PPP loan applications were electronically submitted or caused to be submitted by the borrower and received through SBA servers located, during the relevant period, in the State of Oregon. Once approved, the business received the PPP loan proceeds via an electronic funds transfer from the third-party lender to a financial account under the control of the business.

5. The proceeds of a PPP loan could be used for certain specified items, such as payroll costs, costs related to the continuation of group health care benefits, or mortgage interest payments. The proceeds of a PPP loan were not permitted to be used by the borrowers to purchase consumer goods, automobiles, personal residences, clothing, jewelry, to pay the borrower's personal federal income taxes, or to fund the borrower's ordinary day-to-day living expenses unrelated to the specified authorized expenses.

6. On or about May 2, 2020, on behalf of Thomas Stringer LLC, the defendant applied for a $26,579.17 PPP loan with Lender A, a third-party participating lender in the PPP with a principal place of business in San Diego, California. As part of this application, while in the Middle District of Florida, the defendant electronically submitted to the lender, via an interstate wire communication, various documents containing material falsehoods.

7. For example, as part of the application, the defendant submitted an SBA PPP loan application, which contained the defendant's certification "that the information contained (in the application) is true and accurate." On that application form, the defendant falsely claimed that the average monthly payroll for Thomas Stringer LLC was $10,631.67 and that the business's primary address was in Miami, Florida.

8. Similarly, as part of the Thomas Stringer LLC PPP application, the defendant submitted a fraudulent W-3 Transmittal of Wage and Tax Statement Form (W-3 Form) for 2019. The W-3 Form is a tax form used by employers to report combined employee income to the Internal Revenue Service (IRS) and the Social Security Administration. The W-3 Form falsely claimed that Thomas Stringer LLC had paid a total of $127,580 in salary expenses in 2019, and that its primary place of business was in Miami, Florida. The defendant also submitted a fraudulent Schedule C Form 1040 (Schedule C) for 2019 as part of the Thomas Stringer LLC PPP application. A Schedule C is used to report profit or loss of a business in operation to the IRS. The Schedule C that the defendant submitted to Lender A

falsely claimed that Thomas Stringer LLC's total payments to all employees in 2019 was $127,580 and that its primary place of business was in Miami, Florida.

9. Florida Department of Revenue records showed, however, that Thomas Stringer LLC has never paid salaries to employees and has never registered to file taxes. A review of West Virginia State Tax Department records revealed Thomas Stringer LLC never registered with the West Virginia State Tax Department. Thus, the W-3 Form and Schedule C that the defendant submitted to Lender A in the Thomas Stringer LLC PPP application contained materially false misrepresentations and omissions.

10. On or about May 12, 2020, reasonably relying on the accuracy of the information submitted by the defendant, Lender A approved the Thomas Stringer LLC PPP application for the $26,579.17 PPP loan. On May 12, 2020, and continuing through July 6, 2020, Lender A wired 14 payments totaling $26,579.17 in PPP loan proceeds into Thomas Stringer LLC's checking account ending in 6766. Prior to those deposits, the balance in that account was $90.03.

## COUNT ONE
### (Wire Fraud)

1. The allegations in Paragraphs 1 – 10 of the Background section are incorporated herein.

2. On or about May 2, 2020, in the Middle District of Florida and elsewhere, for the purpose of executing the above-described scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises,

THOMAS BARRETT STRINGER,
a/k/a Bart Stringer,

the defendant herein, did knowingly transmit, and cause to be transmitted, the writings, signs, signals, pictures, and sounds described herein, by means of wire communications in interstate commerce.

All in violation of 18 U.S.C. § 1343.

## FORFEITURE

1. The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 1343, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3. The property to be forfeited includes, but is not limited to, an order of

forfeiture for at least $26,579.17, which represents the proceeds of the offense.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third-party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

ROGER B. HANDBERG
United States Attorney

By: *Brenna Falzetta*
BRENNA FALZETTA
Assistant United States Attorney

By: *[signature]*
MICHAEL J. COOLICAN
Assistant United States Attorney
Deputy Chief, Jacksonville Division